QUESTION:
May a county home rule ordinance validly provide for the members of the county hospital board to be appointed by the board of county commissioners, when the special act creating the hospital board provides for their appointment by the governor?
SUMMARY:
A county home rule ordinance cannot amend or repeal a special act creating a hospital board and providing that the members of the board are to be appointed by the governor.
Your question is answered in the negative.
Under Art. VIII, s. 1(d), State Const., local laws "relating only to unincorporated areas of a county on the effective date of this article may be amended or repealed by county ordinance." Here, the special act creating the hospital board (Ch. 31319, 1955, Laws of Florida) authorizes the board of county commissioners of Taylor County to purchase the Taylor County Hospital, a nonprofit corporation, and creates a five-member hospital board to serve as the governing body of the hospital, the members of which are to be appointed by the governor. The hospital is countywide in operation, serving all the members of the county. Thus, as the special act in question is not one "relating only to the unincorporated areas of the county" it cannot be repealed or amended by a county home rule ordinance. Accord: Attorney General Opinion 071-154, ruling that a county may not repeal or amend by home rule ordinance a special act creating a special district or authority, as an autonomous independent agency. Cf. AGO 073-462 as to a special act relating to the unincorporated area of a county and a special district which was not an autonomous agency independent of the county.